# EXHIBIT "A"

Filing # 134551707 E-Filed 09/14/2021 01:03:15 PM

Case Number: CACE-21-017283 Division: 09

9-16-21

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

OM-1205

MARLINE JOSEPH,

**CLASS REPRESENTATION**

110 pm

Plaintiff,

**JURY TRIAL DEMANDED**

v.

DIVIETO RISTORANTE, LLC,

Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on defendant:

DIVIETO RISTORANTE, LLC
Registered Agent: NAMNUM, EDUARDO
3323 NE 163 ST
PH701
NORTH MIAMI BEACH, FL 33160

Each defendant is required to serve written defenses to the complaint or petition on **MANUEL S. HIRALDO, HIRALDO P.A., Plaintiff's attorney, whose address is 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301, Tel: (954) 400-4713,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on   SEP 15 2021

As Clerk of the Court

BY: _____
As Deputy Clerk

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 09/14/2021 01:03:13 PM.****

Filing # 134551707 E-Filed 09/14/2021 01:03:15 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MARLINE JOSEPH,                                           **CLASS REPRESENTATION**

    Plaintiff,                                                   **JURY TRIAL DEMANDED**

v.

DIVIETO RISTORANTE, LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Marline Joseph brings this class action against Defendant Divieto Ristorante, LLC, and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. This is a putative class action under the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, ("FCRA").

2. Plaintiff seeks to put an end to Defendant's conduct of willfully, knowingly, and/or recklessly disclosing the personal and private financial information of thousands of consumers throughout the country.

3. Defendant owns and operates various restaurants throughout South Florida.

4. Despite its size and sophistication, Defendant routinely violates FACTA – a federal privacy statute that unambiguously states: "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction" 15 U.S.C. §

1

1681c(g)(1) – by willfully, knowingly, and/or recklessly issuing electronically printed receipts to its customers for payment card transactions that include the expiration date of consumers' credit and debit cards.

5. Defendant's willful, knowing, and/or reckless conduct has damaged Plaintiff and members of the putative class by invading their privacy, and by exposing them to a heightened risk of identity theft and payment card fraud.

6. Plaintiff hereby seeks redress for himself and all others who have been injured by Defendant's conduct including, but not limited to, injunctive relief, statutory damages, costs, and reasonable attorneys' fees.

## PARTIES AND JURISDICTION

7. Plaintiff is a natural person who presently, and at all times relevant to this action, was a citizen of and domiciled in Broward County, Florida.

8. Defendant is a Florida corporation with a principal place of business in Aventura, Florida.

9. Defendant is subject to general personal jurisdiction before this Court as it is incorporated and headquartered in Florida.

10. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes. The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

11. All facts giving rise to this action occurred in the State of Florida.

## THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT

12. In 2003, Congress enacted FACTA to "restrict the amount of information available to identity thieves." 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby).

13. "[I]dentity theft is a serious problem, and FACTA is a serious congressional effort to combat it…the less information the receipt contains the less likely is an identity thief who happens to come upon the receipt to be able to figure out the cardholder's full account information." *Redman v. Radioshack Corp.*, 768 F.3d 622, 626 (7th Cir. 2014).

14. In enacting FACTA, Congress sought to address a very real harm to consumers. Per the Federal Trade Commission's 2015 Consumer Sentinel Network Data Book, Florida ranks No. 3 in the country for identity theft, with a total of 44,063 complaints. Also, eight of the top 20 metro areas for identity theft are in Florida.[1]

15. So problematic is the crime of identity theft that the three main credit reporting agencies, Experian, Equifax, and Transunion, have jointly created a free website in order to comply with FACTA requirements and to provide the citizens of this country with a means of monitoring their credit reports for possible identity theft.

16. In pertinent part, FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the card-holder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).

17. FACTA does not define the term "receipt" and, together with the use of the word "any," and the principal goal of protecting consumers, demonstrates Congress' intent for the broad

---

[1] *Consumer Sentinel Network Data Book for January-December 2015*, Federal Trade Commission (February 2016), https://www.ftc.gov/system/files/documents/reports/consumer-sentinel-network-data-book-january-december-2015/160229csn-2015databook.pdf.

3

application of the term "receipt." Indeed, FACTA is remedial in nature and must be construed broadly. *See Travelers Prop. Cas. Co. of Am. v. Kan. City Landsmen, L.L.C.*, 592 Fed. Appx. 876 (11th Cir. 2015).

18. Courts analyzing the term "receipt" have turned to Black's Law dictionary, which defines the word broadly as any "written acknowledgment that something has been received." *Black's Law Dictionary* (10th ed. 2014).

19. Similarly, the term "transaction" is not defined under the statute. Black's Law Dictionary defines a transaction as "[t]he act or an instance of conducting business or other dealings; esp., the formation, performance, or discharge of a contract." *Black's Law Dictionary* (10th ed. 2014).

20. After it was enacted, FACTA provided three (3) years in which to comply with its requirements, mandating full compliance with its provisions no later than December 4, 2006, a requirement that was widely publicized among retailers and by the FTC.

21. Shortly after enactment, all three major card issuing organizations, Visa, Mastercard, and American Express, issued new contractual compliance requirements in advance of FACTA's mandatory compliance date.

22. For example, the August 12, 2006 edition of "Rules for Visa Merchants," which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." Visa required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

23. Due to the failure by a handful of large retailers to timely comply with the requirements of FACTA, Congress passed a law absolving all *past* violations of FACTA. *See* The Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, 122 Stat. 1565 (2008).

The Clarification Act did not substantively amend FACTA, but simply provided amnesty for past violators up to June 3, 2008.

24. Since the enactment of FACTA, card processing companies have continued to alert merchants, including Defendant, of FACTA's requirements. For example, the 2010 Visa Best Practice Alert stated:

> Some countries already have laws mandating PAN truncation and the suppression of expiration dates on cardholder receipts. For example, the United States Fair and Accurate Credit Transactions Act (FACTA) of 2006 prohibits merchants from printing more than the last five digits of the PAN or the card expiration date on any cardholder receipt. (Please visit http://www.ftc.gov/os/statutes/fcrajump.shtm for more information on the FACTA.)
>
> To reinforce its commitment to protecting consumers, merchants, and the overall payment system, Visa is pursuing a global security objective that will enable merchants to eliminate the storage of full PAN and expiration date information from their payment systems when not needed for specific business reasons. To ensure consistency in PAN truncation methods, Visa has developed a list of best practices to be used until any new global rules go into effect.

25. Similarly, MasterCard required in a section titled Primary Account Number (PAN) truncation and Expiration Date Omission:

> A Transaction receipt generated by an electronic POI Terminal, whether attended or unattended, must not include the Card expiration date. In addition, a Transaction receipt generated for a Cardholder by an electronic POI Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the PAN must be replaced with fill characters, such as "X," "*," or "#," that are neither blank spaces nor numeric characters.

26. American Express has a similar requirement:

> Pursuant to Applicable Law, truncate the Card Number and do not print the Card's Expiration Date on the copies of Charge Records delivered to Card Members. Truncated Card Number digits must be masked with replacement characters such as "x," "*," or "#," and not blank spaces or

5

numbers.

27.  The idea behind FACTA's requirements is simple:

> should the cardholder happen to lose the receipt of a transaction, the less information the receipt contains the less likely is an identity thief who happens to come upon the receipt to be able to figure out the cardholder's full account information and thus be able to make purchases that the seller will think were made by the legitimate cardholder.

*Redman v. Radioshack Corp.*, 768 F.3d 622, 626 (7th Cir. 2014)

28.  FACTA incorporates the FCRA statutory damages provision, which allows a consumer to recover damages between $100 and $ 1,000 for each willful violation. *See* 15 U.S.C. § 1681n.

29.  To recover statutory damages, a plaintiff must allege that the FACTA violation was "willful." *See* 15 U.S.C. § 1681n(a)(1)(A).

30.  A FACTA violation is "willful" if it is either knowing or reckless. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).

## FACTS

31.  On August 6, 2021, Plaintiff purchased certain items from one of Defendant's restaurants located at 19575 Biscayne Blvd., #375, Aventura, FL 33180.

32.  To pay for these items, Plaintiff provided Defendant with her credit card and the amount of $68.96 was charged to Plaintiff.

33.  Plaintiff was provided an electronically printed paper receipt bearing Defendant's name and logo, the amount of the transaction ($68.96), the type of card used, the date of the transaction, and *the first six digits and last four digits* of Plaintiff's card.

34.  The receipt provided to Plaintiff was the only document electronically printed at the time of the transaction.

35. The receipt provided to Plaintiff was generated by an electronic or point of sale terminal.

36. Upon information and belief, similar violations have taken place at other of Defendant's locations.

37. Upon information and belief, at all times relevant, Defendant was aware of its obligations under FACTA. Not only was Defendant aware that it could not print more than the last 5 digits of the card number, but it was contractually prohibited from doing so by every major credit card company. Defendant accepts credit card from all major issuers; these companies set forth requirements that merchants, including Defendant, must follow, including FACTA's redaction and truncation requirements.

38. Additionally, upon information and belief, Defendant would have been alerted by its third-party payment processing company about its obligations under FACTA.

39. Further, upon information and belief, most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the redaction and truncation requirement. Defendant could have readily done the same, but failed to do so.

40. Upon information and belief, Defendant violated FACTA because it did not wish to incur the additional expense of reprogramming or updating its point-of-sale equipment to comply with new EMV chip card requirements.

41. The conduct of Defendant was in willful and reckless disregard for federal law and the rights of Plaintiff.

42. The card numbers appearing on Plaintiff's receipt were not printed accidentally; the equipment and software used to print the receipt must be programmed to display certain information,

and likewise, programmed not to display certain information.

43. Notwithstanding the fact that it has had years to comply, Defendant continues to issue point of sale receipts, which contain more than the last five digits of the credit or debit card, in direct violation of FACTA.

44. Defendant continues to deliberately, willfully, intentionally, and/or recklessly violate FACTA by issuing receipts which do not comply with the FCRA.

45. Upon information and belief, at the time Defendant printed the subject receipt, Defendant knew it was violating FACTA by providing Plaintiff a receipt that contained more than the last five digits of Plaintiff's debit card number.

46. Defendant willfully, knowingly, and/or recklessly violated Plaintiff's substantive rights under FACTA.

47. Defendant's willful, knowing, and/or reckless conduct also unnecessarily exposed Plaintiff to an unusually elevated risk of identity theft and credit card/debit card fraud. The uncertainty of whether his private information may have been viewed by one or more identity thieves has caused Plaintiff aggravation and stress.

## CLASS ALLEGATIONS

### PROPOSED CLASS

48. Plaintiff brings this case as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3) on behalf of the following "Class" (including "Class Members" and "Members")

> **All persons within the United States who (1) used a credit or debit card; (2) for a transaction at one of Defendant's locations; and (3) were provided a point of sale receipt that displayed more than the last 5 digits of the card's account number; (4) during the two years prior to the filing of this Complaint through the date of the order on certification.**

49.  Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

50.  Upon information and belief, the members of the Class are believed to be so numerous that joinder of all members is impracticable.

51.  The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

52.  There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

>   (1) Whether Defendant provided electronically printed point-of-sale receipts containing more than the last 5 digits of the card number;
>
>   (2) Whether Defendant's conduct violated FACTA;
>
>   (3) Whether Defendant's conduct was knowing, willful, and/or reckless;
>
>   (4) Whether Defendant's conduct created a risk of violating FACTA that was willful, known, or so obvious that it should have been known; and
>
>   (5) Whether Plaintiff and members of the class are entitled to statutory damages.

53.  The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely prints receipts that contain payment card expiration dates is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently

adjudicated and administered in this case.

### TYPICALITY

54. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

55. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

56. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

57. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## Violations of 15 U.S.C. § 1681c(g)(1)
### (On Behalf of Plaintiff and the Class)

31. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

32. 15 U.S.C. §1681c(g) states as follows:

> *Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

33. This section applies to any "device that electronically prints receipts" (hereafter "Devices") for point of sale transactions. 15 U.S.C. §1681c(g)(3).

34. Defendant employs the use of said Devices for point of sale transactions at thousands of locations nationwide.

35. On or before the date on which this Complaint was filed, Plaintiff and members of the class were provided receipts by Defendant that failed to comply with the requirements of FACTA.

36. At all times relevant to this action, Defendant was aware, or should have been aware, that it was obligated to fully redact the expiration date of Plaintiff's debit card.

37. Notwithstanding the three-year period to comply with FACTA and its accompanying provisions, nor the subsequent years since FACTA became effective; and having knowledge of FACTA as a whole; Defendant knowingly, willfully, intentionally, and/or recklessly violated and continues to violate FACTA.

38. By printing more than the last five digits of Plaintiff's debit card number, Defendant caused Plaintiff to suffer a heightened risk of identity theft, especially as the receipt has the full

11

name of the card holder on the it together with other sensitive information; exposed Plaintiff's private information to those of Defendant's employees who handled the receipt; and forced Plaintiff to take action to secure or destroy the receipts.

39. As a result of Defendant's willful, intentional, and/or reckless violations, Plaintiff and members of the class continue to be exposed to an elevated risk of identity theft.

40. Defendant is liable to Plaintiff and members of the class pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff, on behalf of herself and the other members of the Class, pray for the following relief:

   a. An Order granting certification of the Class;
   b. Statutory damages;
   c. Punitive damages;
   d. Injunctive relief;
   e. Attorneys' fees, litigation expenses and costs of suit; and
   f. Such other and further relief as the Court deems proper under the circumstances

### JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

### DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization associated with the violations alleged herein.

Date: September 14, 2021

                        Respectfully submitted,

                        **HIRALDO P.A.**

                        */s/ Manuel S. Hiraldo*
                        Manuel S. Hiraldo
                        Florida Bar No. 030380
                        401 E. Las Olas Boulevard Suite 1400
                        Ft. Lauderdale, Florida 33301
                        Email: mhiraldo@hiraldolaw.com
                        Telephone: 954.400.4713

                        *Counsel for Plaintiff*

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Marline Joseph</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>Divieto Ristorante LLC</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 09/14/2021 01:03:13 PM.****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☒ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Manuel S Hiraldo              Fla. Bar # 30380
       Attorney or party                      (Bar # if attorney)

Manuel S Hiraldo                   09/14/2021
(type or print name)                Date

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

Case No: CACE-21-017283

Marline Joseph
Plaintiff

Judge Division: 09

VS

Divieto Ristorante LLC
Defendant

FILED
SEP 15 2021
By: ____

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC: "ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: NONE

Brenda D. Forman
Circuit and County Courts

By: ____
Deputy Clerk